**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CECIL FAIRLEY, | No. 14-35971 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-00030-BR |
| v. | |
| STEVE SHELTON; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted September 27, 2016[**]

Before:    TASHIMA, SILVERMAN, and M. SMITH, Circuit Judges.

Oregon state prisoner Cecil Fairley appeals pro se from the district court's

summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference

to his serious medical needs.  We have jurisdiction under 28 U.S.C. § 1291.  We

review de novo, and may affirm on any basis supported by the record.  *Enlow v.*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Salem-Keizer Yellow Cab Co.*, 389 F.3d 802, 811 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment for defendant Gower on Fairley's claim arising out of the allegedly improper denial of his grievances because prisoners do not have a "constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). Moreover, summary judgment was proper on Fairley's claim that Gower and defendants Hoefel, Peters, Morrow, and Franke were deliberately indifferent to his serious medical needs because Fairley failed to raise a genuine dispute of material fact as to whether these defendants were personally involved in a constitutional violation or whether their conduct caused any such violation. *See Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (requirements for establishing supervisory liability).

Summary judgment was proper on Fairley's claims regarding an alleged failure to follow Dr. Carpenter's recommendation for knee surgery or Dr. Turner's recommendation for lumbar epidural steroid injections and follow-up treatment, because Fairley failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to his serious medical needs. *See Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004) (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate

health; neither a difference of opinion concerning the course of treatment nor mere negligence in diagnosing or treating a medical condition amounts to deliberate indifference); *see also Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (a plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances").

We reject as without merit Fairley's contentions that the district court improperly considered defendant Shelton's declaration, failed to consider and accept Fairley's version of the facts, or failed to resolve conflicting evidence.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, including other instances of alleged deliberate indifference. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009); *see also Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim[.]").

**AFFIRMED.**